IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James E. Jackson, | ) | C/A No. 6:16-1905-BHH-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| | ) | |
| Chicago Bridge & Iron, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This is a civil employment action filed by a pro se litigant. Plaintiff paid the full costs associated with filing this action. Therefore, on June 16, 2016, this Court entered an Order to require Plaintiff to serve process on Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure. [Doc. 9.] This Court directed Plaintiff that he had 90 days from the date on which the summons was issued to serve Defendant. [*Id.*] This Court explained that, "under Rule 4(m), unless a Defendant is served within 90 days after the summonses are issued as directed by this Order, that particular unserved Defendant may be dismissed without prejudice from this case." [*Id.*]

More than 90 days passed after the date the summons was issued, but Plaintiff had not served Defendant. However, because it appeared that the summons had not been fully completed, out of an abundance of caution, the summons was reissued by the Clerk of Court on October 7, 2016, with the missing information added. [Doc. 16.] And, the Clerk of Court mailed the reissued summons to Plaintiff and directed him to accomplish service of process with the newly issued summons. [Doc. 15.] The 90-day deadline for service of process to be made by Plaintiff was re-set to January 9, 2017.

This matter is before the Court because Plaintiff has not informed the Court that he accomplished service of process on Defendant by filing an affidavit of proof of service.[*] *See* Fed. R. Civ. P. 4(l). And, the time to accomplish service of process has expired. As stated above, the Court provided Plaintiff with notice, pursuant to Rule 4(m), of the consequences of failure to complete service of process.

Accordingly, it is recommended that this action should be dismissed without prejudice pursuant to Rule 4(m). **Plaintiff's attention is directed to the important notice on the next page.**

January 30, 2017                                                    Jacquelyn D. Austin
Greenville, South Carolina                                 United States Magistrate Judge

---

[*]On October 25, 2016, the Clerk of Court made a notation in the court record that Plaintiff's daughter came to the Clerk's Office to ask about her mother filing and signing documents in this case because Plaintiff had an illness. As of today, no motion or paper was thereafter filed by Plaintiff or anyone trying to act on his behalf.

2

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).